UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

HERMAN MILLER, INC.,
a Michigan limited liability company,

    Plaintiff,

Case No.: 1:17-cv-00587

v.

OFIS HOLDINGS, INC.,
a New York corporation,
d/b/a MAXWELL BLAKE and NJ MODERN,

    Defendant.

## COUNSEL FOR DEFENDANT'S MOTION TO WITHDRAW AS COUNSEL

NOW COME Petitioners Brian Brown and Carlson, Gaskey & Olds, PC (collectively, the "Petitioners"), counsel for Defendant Ofis Holdings, Inc. ("Defendant"), and move to permit withdrawal of counsel pursuant to Michigan Rule of Professional Conduct 1.16 because, among other things, Defendant discharged Petitioner on March 8, 2018. Petitioner certifies that the undersigned communicated with opposing counsel, explained the nature of the relief to be sought by way of this motion, and sought concurrence in the relief; opposing counsel will not oppose the relief sought.

For its motion, Petitioners state as follows:

1.     An attorney who appears of record may withdraw from a case only by leave of the Court. W. D. Mich. L. Civ. R. 833(d).

2. The granting of leave by the court is in the discretion of the court. *Nevarez v. Branch Banking & Tr. Co.*, No. 1:15-cv-873, 2016 U.S. Dist. LEXIS 156616, at *2 (W.D. Mich. Sep. 22, 2016), relying on *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)

3. The circumstances under which an attorney must request withdrawal and under which an attorney may request withdrawal are set forth in Rule 1.16 of the Model Rules of Professional Conduct, upon which Michigan Rules of Professional conduct are based. *Id.*

4. Rule 1.16(a) of the Rules of Professional Conduct (both the Michigan and Model Rules) provides that an attorney "shall withdraw from the representation if…the lawyer is discharged."

5. Petitioners were discharged on March 8, 2018.

6. Rule of Professional Conduct 1.16(b) provides that an attorney "may withdraw" if "withdrawal can be accomplished without material adverse effect on the interests of the client" or "the representation will result in an unreasonable financial burden on the lawyer" or for other good cause.

7. Withdrawal of Petitioners from representing Defendant will not have a material adverse effect on the interests of the client. As this case has just begun and Defendant has ample opportunity to retain new counsel, if desired.

8.   In addition, continued representation of Defendant "will result in an unreasonable financial burden on the lawyer" due to Defendant's apparent inability to pay for continued representation. MRPC 1.16(b)(5).

9.   Defendant has signaled it is unable or unwilling to pay its current counsel for the defense of this matter and meet the demands of any potential adverse judgment.

10.   Defendant has made a reasonable financial offer to resolve the suit and agreed to discontinue to the sale of any products specified in Plaintiff's pleadings, which Defendant contests were sold innocent of any knowledge of infringement, wrongful intent, or bad by Defendant.

11.   As the parties were unable to reach a settlement and Defendant is unwilling to meet the financial demands of Plaintiff nor continue to pay the undersigned, he has discharged Petitioners.

12.   Defendant is being provided notice of this motion by mail at the address on file with Petitioner and by email.

WHEREFORE, Petitioners request that the Court enter an order permitting Petitioner to withdraw as counsel for Defendant Ofis Holdings, Inc.

        Respectfully submitted,

        CARLSON, GASKEY & OLDS, P.C.

        By:   /s/ Brian Brown
               Brian Brown (P62733)
               Attorneys for Defendant
               400 West Maple Road, Suite 350
               Birmingham, Michigan 48009
               248-988-8360
               bbrown@cgolaw.com

Dated: March 15, 2018

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

HERMAN MILLER, INC.,
a Michigan limited liability company,

    Plaintiff,

Case No.: 1:17-cv-00587

v.

OFIS HOLDINGS, INC.,
a New York corporation,
d/b/a MAXWELL BLAKE and NJ MODERN,

    Defendant.

_____

## **BRIEF IN SUPPORT OF COUNSEL FOR DEFENDANT'S MOTION TO WITHDRAW AS COUNSEL**

## STATEMENT OF THE ISSUES PRESENTED

1. Whether this Court permit petitioner to withdraw as counsel.

## CONTROLLING AUTHORITY

Michigan Rule of Professional Conduct 1.16

# BRIEF

Michigan Rule of Professional Conduct and Model Rule of Professional Conduct 1.16 require withdrawal by an attorney if discharged by his client and permits withdrawal by a party's counsel when it can be accomplished without material adverse effect on that party's interests or where continued representation will result in an unreasonable financial burden on Petitioners.

All of these grounds exist in the case at bar. Petitioners relies on the facts and law as stated in its motion.

WHEREFORE, Petitioners request that the Court enter an order permitting Petitioners to withdraw as counsel for Defendant Ofis Holdings, Inc.

Respectfully Submitted,

CARLSON, GASKEY & OLDS, P.C.

By:  /s/ Brian Brown_____
Brian Brown (P62733)
Petitioners and Attorneys-of-record
for Defendant
400 West Maple Road, Suite 350
Birmingham, Michigan 48009
248-988-8360
bbrown@cgolaw.com

Dated: March 15, 2018

1

## **CERTIFICATE OF SERVICE**

I certify that on March 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

I further mailed a copy to Defendant via first class U.S. mail and email to:

Ofis Holdings, Inc.
200 S. Newman St., Unit #6
Hackensack, NJ

                                               CARLSON, GASKEY & OLDS, P.C.

                              By:   /s/ Brian Brown
                                         Brian Brown (P62733)
                                         Attorneys for Plaintiff
                                         400 West Maple Road, Suite 350
                                         Birmingham, Michigan 48009
                                         248-988-8360
                                         bbrown@cgolaw.com