UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

HERMAN MILLER, INC.,
a Michigan corporation,

    Plaintiff,

CASE NO. 1:17-cv-00587
HON. PAUL L. MALONEY

v.

OFIS HOLDINGS, INC.,
A New York corporation,
d/b/a MAXWELL BLAKE and NJ MODERN,

    Defendant.

## CONSENT JUDGMENT

The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to enter this consent judgment in favor of Plaintiff and against both Defendant Ofis Holdings, Inc. ("Ofis"), and nonparties NJ Modern LLC ("NJ Modern") and Sebastian Perez ("Perez")[1] while retaining jurisdiction to enforce the terms of their settlement, as reflected in this Consent Judgment. This Consent Judgment supersedes all prior settlements or other understandings or agreements between Plaintiff, Ofis, NJ Modern, and/or Perez.

---

[1] During the course of the litigation, Plaintiff discovered that NJ Modern, LLC is a separate legal entity and not a d/b/a of Defendant Ofis Holdings, Inc. as alleged in the First Amended Complaint. Both Ofis and NJ Modern share the same principal, Sebastian Perez, are represented by the same legal counsel, and were all signatories to a prior settlement agreement that is superseded by this Consent Judgment. This Consent Judgment is intended to bind Ofis, NJ Modern, and Perez. To the extent the Court requires any additional filings to be made to effectuate this Consent Judgment as to NJ Modern or Perez (such as counsel filing an appearance on behalf of NJ Modern, LLC and Perez, or Plaintiff filing an Amended Complaint formally adding NJ Modern, LLC and Perez as defendants), the parties are prepared to do so.

1

## THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. Plaintiff has valid trademark and/or trade dress rights in the Eames® trademark, the Eames® Lounge Chair and Ottoman, the Eames® Aluminum Group chairs, the Eames® Soft Pad chairs, the Setu® chair, and the Bubble Lamp, as described in paragraphs 7-43 of the First Amended Complaint [ECF No. 11].

2. Ofis and NJ Modern infringed on Plaintiff's trademark and/or trade dress rights in the products described in the preceding paragraph, as set forth in paragraphs 43-56 of the First Amended Complaint.

3. In remedy of these infringing acts, money judgment is hereby entered in favor of Plaintiff and against Defendant Ofis and nonparty NJ Modern, jointly and severally, in the amount of $13,661.50.

4. In addition, Plaintiff shall be entitled to retain all monies previously paid by Ofis, NJ Modern, and/or Perez under the terms of the parties prior Settlement Agreement, which is superseded by this Consent Judgment.

5. In addition, Ofis, NJ Modern, and Perez, and anyone acting in concert with them, shall be enjoined as follows:

    (a) Ofis and NJ Modern shall not, directly or indirectly, make, import, advertise, market, sell, or offer to sell, any of the products identified in the First Amended Complaint, or any other product that copies, imitates, or infringes on the HMI product designs or intellectual property identified in the First Amended Complaint. Ofis and NJ Modern shall have seven (7) days from the entry of this Consent Judgment to remove any such designs from its websites and other advertising and promotional materials.

    (b) Ofis and NJ Modern shall not, directly or indirectly, use the Eames, Herman Miller, or Setu names, or any names confusingly similar thereto, in conjunction with any advertisement, sale, or offer for sale of products.

    (c) Ofis and NJ Modern shall not, directly or indirectly, use any likeness of Charles and Ray Eames in conjunction with any advertisement or offer for sale of

2

products or imply in any manner that products are designed by or affiliated with Charles and Ray Eames.

(d) Ofis and NJ Modern shall not use the Eames, Herman Miller, or Setu names in the metadata of any of websites or list any such names on websites in any manner to alter or affect online search results.

(e) Ofis and NJ Modern shall not attempt in any manner, through purchase, negotiations, or otherwise, to increase priority, ranking, or status in online search results from any online search engine for any search terms that include the Eames, Herman Miller, or SETU names.

(f) Perez shall not, either individually or through a company or entity, directly or indirectly engage in any actions that Ofis or NJ Modern are prohibited from taking under this Consent Judgment.

6. Should Plaintiff discover facts in the course of enforcement of this Consent Judgment that would give rise to a veil-piercing claim against Perez as principal of Ofis and NJ Modern, Plaintiff reserves its rights to pursue action to collect on the money judgment from Perez individually.

7. The Court shall retain jurisdiction for the purpose of enforcing the terms of this Consent Judgment.

8. Each party shall bear its own attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: September 11, 2018

/s/ Paul L. Maloney
Hon. Paul L. Maloney
United States District Judge

Agreed as to Form and Content:

VARNUM LLP
Attorneys for Plaintiff

CARLSON, GASKEY & OLDS, PC
Attorneys for Defendant Ofis and non-parties NJ Modern, LLC and Sebastian Perez

By: s/ Bryan R. Walters

By: s/ Brian B. Brown

Date: September 11, 2018

Date: September 11, 2018

3